IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CARLOS RIVERA-CUEVAS, <u>ET AL.</u>,

   Plaintiffs,

   v.

MUNICIPALITY OF NARANJITO, <u>ET AL.</u>,

   Defendants.

CIVIL NO. 16-2732 (PAD)

## OPINION AND ORDER

Delgado-Hernández, District Judge.

Carlos Rivera-Cuevas, his wife Sullynett Ocaña-Morales and their legal conjugal partnership initiated the action against the Municipality of Naranjito and others,[1] complaining of violations of the First, Fifth and Fourteenth Amendments under 42 U.S.C. § 1983, and of violations of Puerto Rico law (Docket No. 1).[2] Before the court are: (1) "Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6)" filed by defendants in their personal capacities (Docket No. 19); and (2) "Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6)" filed by the Municipality of Naranjito and defendants in their official capacities (Docket No. 21). Plaintiffs opposed both motions (Docket No. 28). Defendants in their personal capacities replied (Docket No. 36), and the Municipality of

---

[1] The Municipality's Mayor, Orlando Ortiz-Chevres; the Naranjito Police Commissioner, Pedro Fuentes-Morales; Naranjito Municipal Police Sergeant Eddie Cruz-Marcano; the Municipality's Human Resources Director, Solimar Hernández-Morales; and the Mayor's driver, Jesús Ramos-Rivera. The individuals were sued in their official and personal capacities, except for Ramos-Rivera, who was only sued in his personal capacity (Docket No. 1 at ¶¶ 5-9).

[2] Sections 1, 4, 6 and 7 of Article II of the Constitution of Puerto Rico, P.R. Const. art. II, §§ 1, 4, 6-7; Law No. 115 of December 20, 1991, P.R. Laws Ann. tit. 29 §§194 <u>et. seq</u>; and Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 §§ 5141, 5142.

Naranjito and defendants in their official capacities joined the reply (Docket No. 37). For the reasons stated below, the motions are GRANTED IN PART and DENIED IN PART.

## I.     STANDARD OF REVIEW

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must allege a plausible entitlement to relief. Rodríguez-Vives v. Puerto Rico Firefighters Corps., 743 F.3d 278, 283 (1st Cir. 2014); Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 53 (1st Cir. 2013); Rodríguez-Ortiz v. Margo Caribe, 490 F.3d 92, 95 (1st Cir. 2007). Plausibility exists when the pleaded facts allow the court to reasonably infer that the defendant is liable for the misconduct alleged. Morales-Cruz v. University of Puerto Rico, 676 F.3d 220, 224 (1st Cir.2012); Sepulveda-Villarini v. Department of Educ. of P.R., 628 F.3d 25, 30 (1st Cir. 2010). The complaint must be viewed as a whole, construing well-pleaded facts in the light most favorable to plaintiff, accepting their truth, and drawing all reasonable inferences in plaintiff' favor. Foley v. Wells Fargo, 772 F.3d 63, 68 (1st Cir. 2014); García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013).

While detailed factual allegations are not required, more than labels and conclusions are needed. Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). Bare bones recitals of the elements of a cause of action will not do. Mead v. Independence Ass'n, 684 F.3d 226, 231 (1st Cir. 2012). Unadorned factual assertions as to those elements are inadequate as well. Peñalbert-Rosa v. Fortuno-Burset, 631 F.3d 592, 596 (1st Cir.2011). Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not shown – that the pleader is entitled to relief. Iqbal, 129 S.Ct. at 1950.

## II.     DISCUSSION

### A.     Standing

Defendants claim that Sullynet Ocaña-Morales and the conjugal partnership lack standing to sue, because family members cannot recover for their own damages in a § 1983 suit except in limited circumstances not present here (Docket No. 19 at pp. 8-9). The First Circuit has held that family members cannot recover for their own damages in an action brought under § 1983 unless the unconstitutional action was aimed at the familial relationship. Robles-Vázquez v. Tirado-García, 110 F.3d 204, 206 n.4 (1st Cir. 1997). It has grouped cases involving the "familial liberty interest" in two general categories. Valdivieso-Ortiz v. Burgos, 807 F.2d 6, 7-8 (1st Cir. 1986).

The first category allows § 1983 actions brought by family members to proceed where the government interferes with certain private family decisions, such as procreation, educating a child in a particular religion, and "the 'family' with whom one chooses to live." See Valdivieso-Ortiz, 807 F.2d at 8 (citations omitted). The second category concerns the state's attempts to change or affect the relationship between parent and child in furtherance of a legitimate state interest. Id. The termination of parental rights and paternity determinations fall under this category. Id. But the facts here do not fit either scenario. In fact, plaintiffs did not address the issue in their opposition to the motions to dismiss. Their silence only strengthens the already clear conclusion that Ocaña-Morales and the conjugal partnership lack standing to bring a § 1983 claim for actions directed at Rivera-Cuevas. By extension, their § 1983 claims must be dismissed.

**B.     Fifth Amendment**

Defendants contend there is no cognizable Fifth Amendment claim because the complaint focuses on municipal employees of the Commonwealth of Puerto Rico, not the federal government (Docket No. 19 at p. 11).  Plaintiffs disagree, arguing that the Supreme Court has held otherwise, citing to Puerto Rico v. Sánchez-Valle, 136 S. Ct. 1863 (2016)(Docket No. 28 at p. 31).  Plaintiffs misconstrue Sánchez-Valle.[3]  It is well-settled that the Fifth Amendment's Due Process Clause "applies only to actions of the federal government not those of state governments." Natal-Rosario v. Puerto Rico Police Dept., 609 F.Supp.2d 194, 201 (D.P.R. 2009)(citing Public Utilities Commission v. Pollak, 343 U.S. 451, 461 (1952), and Martinez-Rivera v. Ramos, 498 F.3d 3, 8 (1st Cir.2007)).  Because neither the federal government nor any of its agents is a named defendants, the Fifth Amendment claims must be dismissed.

**C.     First Amendment**

Defendants posit that plaintiffs failed to plead all prongs of a *prima facie* case of political discrimination (Docket No. 19 at pp. 16-26 and Docket No. 21 at pp. 16-20).  To make out any such case, plaintiff must show that: (1) plaintiff and defendant have opposing political affiliations; (2) defendant was aware of plaintiff's affiliation; (3) an adverse employment action occurred; and (4) political affiliation was a substantial or motivating factor for the adverse action. Reyes-Orta v. Puerto Rico Highway and Transp. Authority, ---F.3d----, 2016 WL 285742, *4 (1st Cir. 2016); Torres-Santiago v. Municipality of Adjuntas, 693 F.3d 230, 236 (1st Cir. 2012).  While it is not necessary to plead facts sufficient to establish a *prima facie* case at the pleading stage, the elements

---

[3] They cite Sánchez-Valle for the proposition that "the Commonwealth of Puerto Rico is clearly tied to the Federal Government" (Docket No. 28 at p. 31). Even so, Sánchez-Valle dealt with the Double Jeopardy Clause, 136 S. Ct. at 1867-1868, 1876-1877, not with employment related disputes.

of a prima facie case are part of the background against which a plausibility determination should be made. Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 54 (1st Cir. 2013). Measured by these standards, defendants' argument fails.

First, the complaint avers that all defendants are members of the New Progressive Party ("NPP"), and that plaintiffs are members of the opposing Popular Democratic Party ("PDP"). (Docket No. 1 at ¶¶ 5-9, 13 and 18). Such generalized statements have been held sufficient to survive 12(b)(6) scrutiny. See Rodríguez-Reyes, 711 F.3d at 56 (citing Ocasio-Hernández, 640 F.3d at 13, as an example of cases where the First Circuit has upheld that statements such as that "the defendants all belong to the NPP" are sufficient for pleading purposes).

Second, plaintiffs complain that after Rivera-Cuevas requested a transfer to the Municipality of San Juan, which was run by a PDP Mayor, "they investigated" and "determined" that he was a member of the PDP (Docket No. 1 at ¶ 18). Plaintiffs do not, however, specify whether "they" refers to defendants. Yet further along, the complaint details an incident involving defendants Ramos-Rivera and Cruz-Marcano where Ramos-Rivera allegedly threatened Rivera-Cuevas, telling him that he had gotten his job "because the Mayor and all the persons of trust in the Municipality thought he was from the NPP" (Docket No. 1 at ¶ 32).[4] When viewed *in toto*, and in the light most favorable to the plaintiffs, these allegations suffice. Factual allegations in a complaint do not require the level of specificity that defendants are calling for. See Ocasio-Hernández, 640 F.3d at 14.[5]

---

[4] Moreover, Ramos-Rivera called Rivera-Cuevas a "PPD bastard" and "expressed the anger of the Mayor and the other trust NPP employees of the Municipality." Id. at ¶¶ 34-36.

[5] Along the same line, at this stage of the proceedings, plaintiffs have sufficiently pled their cause of action as to each of the defendants. Whether the evidence will hold up as to each defendant at the summary judgment stage or thereafter is another matter.

Third, an adverse employment action includes not only a discharge or demotion, but also a "refusal to promote, transfer, recall after layoff, or even hire an employee." Morales-Tañón v. Puerto Rico Elec. Power Auth., 524 F.3d 15, 19 (1st Cir. 2008). Plaintiffs allege that Rivera-Cuevas requested a transfer from Naranjito to San Juan, and that the same was not granted on account of his political affiliation. (Docket No. 1 at ¶ 87). In addition, they observe that Rivera-Cuevas suffered "changes to this shifts and his assignments;" was forced to work while he was sick; was removed from his duties as supervisor of the night shift; and was "assigned to do preventive patrols, unsupported," which placed his life in danger. Id. at ¶¶ 49, 57-58, 63-64. Defendants argue the claim fails because plaintiffs provided "no specific details or factual support" and relied only on a "generic allegation" (Docket No. 19 at p. 22). Nonetheless, the argument places a burden that is higher than what is required at this point in the litigation.

Fourth, for pleading purposes, the facts of the complaint need only show that the claim of causation is plausible. And taken together, the circumstances described in the complaint bring forth sufficient facts to support a reasonable inference that political animus was a substantial or motivating factor behind the complained of adverse employment actions. See Docket No. 1 at ¶¶ 17, 23-29, 32, 41-44, and 55. Contrary to defendants' view, dismissal of the political discrimination claims would not be appropriate.

### D. Due Process

Defendants maintain that plaintiffs lack a procedural due process claim under the Fourteenth Amendment (Docket No. 19 at p. 12-14). To plead a procedural due process violation, a plaintiff must allege a constitutionally protected property interest in the functions of his job. Rojas-Velázquez v. Figueroa-Sancha, 676 F.3d 206, 212 (1st Cir. 2012)(citing Board of Regents

v. Roth, 408 U.S. 564, 569-572 (1972)). The question is dependent on local law. Id. (citing Rosario-Torres v. Hernández-Colón, 889 F32d 314, 319 (1st Cir. 1989)).

Under Puerto Rico law, a public employee may have a property interest in his continued employment, but not in the particular functions of his job. Id. (citing Costra-Urena v. Segarra, 590 F.3d 18, 27 (1st Cir. 2009) and Soto-Padró v. Pub. Bldgs. Auth., 675 F.3d 1, 7-8 (1st Cir. 2012)). In the case at hand, Rivera-Cuevas still works as a career employee of the Municipality of Naranjito (Docket No. 1 at ¶ 2). As such, he has not been deprived of a property interest for which process is due. Rojas-Velázquez, 676 F.3d at 212. For the same reason, the Fourteenth Amendment due process claim must be dismissed

### E. Equal Protection

Defendants point out the court should dismiss any equal protection claim because plaintiffs did not identify what protected class, if any, Rivera-Cuevas belongs to (Docket No. 19 at pp. 14-16). The court need not reach the issue, inasmuch as the First Circuit Court has held that "[a]n equal protection claim alleging political discrimination merely restates a First Amendment political discrimination claim and, as [the First Circuit has] said repeatedly, should [be] considered under the First Amendment." Uphoff Figueroa v. Alejandro, 597 F.3d 423, 430 n.8 (1st Cir.2010); De La Mata v. PR Highway and Transp. Authority, 915 F.Supp.2d 200, 207 (D.P.R. 2012). Indeed, when a specific provision of the Constitution protects individuals against a particular kind of misconduct by government actors, individuals seeking redress must assert their claims under that particular constitutional rubric instead of invoking the more generalized provision. See, Pagán v. Calderón, 448 F.3d 16, 33-34 (1st Cir. 2006)(discussing principle).

Plaintiffs state that Rivera-Cuevas was treated differently because of his perceived political affiliation (Docket No. 1). So their equal protection claim rests on the same facts as the First

Amendment political discrimination claim. They have no substantive claim under the Equal Protection Clause of the Fourteenth Amendment. See, Morales-Santiago v. Hernández-Pérez, 488 F.3d 465, 471 (1st Cir. 2007)(declining to apply equal protection analysis in light of overlap between plaintiffs' First Amendment and equal protection claims). With that in mind, the equal protection claims must be dismissed.

### F.    Timeliness

Defendants submit that the Section 1983 claims and those based on supplemental jurisdiction arising from Rivera-Cuevas' transfer request to the Municipality of San Juan are time-barred (Docket No. 19 at pp. 26-28 and Docket No. 21 at pp. 20-21). They reason that since Rivera-Cuevas made the transfer request on July 28, 2015 and plaintiffs filed the complaint more than one year past that date, any claims premised on the transfer request have expired. Id. Plaintiffs respond that the complaint is timely under the continuing violation theory (Docket No. 28 at pp. 27).

The applicable statute of limitations for Section 1983 actions in Puerto Rico is one year, the forum state's limitations period for personal injury actions. See, Alamo-Hornedo v. Puig, 745 F.3d 578, 580-81 (1st Cir. 2014)(applying one year period to Section 1983 action). The action accrues "when the plaintiff knows, or has reason to know of the injury on which the action is based." Id. (quoting Morán-Vega v. Cruz -Burgos, 537 F.3d 14, 20 (1st Cir.2008)).

Review of the complaint reveals several allegations of adverse employment actions that occurred within the year, such as: the changes to Rivera-Cuevas' shifts and assignments, which allegedly occurred after the incident with Ramos-Rivera on November 6, 2015; the conversation where Stg. Martinez informed Rivera-Cuevas that his transfer request was "paralyzed," which occurred on December 8, 2015; the removal as supervisor of the night shift; and the assignment of

"life-threatening" tasks without backup. Docket No. 1 at ¶¶ 49, 55, 57-58, 63-67. Albeit discovery may lead to a different conclusion by clarifying each of the events upon which the claim is ultimately based, the court is not persuaded that the timeliness argument justifies dismissal at this juncture.

### G. Free Speech

Defendants complain that plaintiffs did not adequately plead an actionable claim for infringement of a public employee's First Amendment right to free speech because Rivera-Cuevas did not make statements "as a citizen on matters of public concern" (Docket No. 19 at pp. 30-32 and Docket No. 21 at p. 25). They explain the complaint is "devoid of any allegations that meet the standard for claiming infringement of a public employee's First Amendment free speech right," id., but have failed to develop the argument or apply case law to the specific facts of this case. What is more, plaintiffs clarified in their opposition that they are not seeking redress under the First Amendment for retaliation for Rivera-Cuevas' expression of matters of public concern, but instead for retaliation out of the employee's "exercise of his right to address his grievance in court" (Docket No. 28 at p. 26).

To this end, plaintiffs argue that Rivera-Cuevas' act of filing a complaint is protected conduct under the First Amendment. Id. Defendants did not, however, address this clarification in their reply, nor did they renew their request for dismissal with relevant supporting arguments (Docket No. 28). Hence, their argument is deemed waived at this stage of the proceedings. See, United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990)("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones").

### H. Supplemental State-Law Claims

#### 1. Law 115

Law 115 prohibits retaliation in the workplace. See, Vélez v. Jansson Ortho, LLC, 467 F.3d 802, 809 (1st Cir. 2006). Defendants in their personal capacities seek dismissal of the Law 115 claim against them because the statute does not impose personal liability (Docket No. 19 at pp. 28-29). They are correct. The Supreme Court of Puerto Rico recently held that Law No. 115 does not provide for individual liability. See Santiago Nieves v. Braulio Agosto Motors, Inc., 2017 TSPR 24, *7. To that extent, the Law 115 claims against defendants in their personal capacities must be dismissed.

Defendants in their official capacities seek dismissal of the Law 115 claims, arguing that plaintiff failed to state an adverse employment action after he filed the complaint against Ramos-Rivera (Docket No. 21 at pp. 21-24). Nevertheless, review of the complaint reveals several allegations of adverse employment actions occurring thereafter. See, Docket No. 1 at ¶¶ 49, 55, 63-65, 57-58, 63-67.[6] Thus, the Law 115 claims directed at defendants in their official capacities remain.

#### 2. Article 1803

Defendants in their personal capacities request that claims brought under Article 1803 of the Civil Code of Puerto Rico be dismissed against them, for no third-party liability applies to them, and in any case, would only apply to the Municipality of Naranjito (Docket No. 19 at pp. 29-30).[7] In general, an individual is only liable for his own acts or omissions and only by exception

---

[6] It is unclear from the allegations in the complaint whether these actions stemmed from political discrimination or in retaliation for Rivera-Cuevas' protected activity, or both. At any rate, the court need not make determinations as to that issue at this point.

[7] Plaintiffs did not respond to this argument.

is an individual liable for the acts or omissions of others. See, Pastrana-López v. Ocasio-Morales, 2010 WL 4137553, *10 (D.P.R. Oct. 21, 2010)(so recognizing). By contrast, Article 1803 applies the principle of *respondeat* superior to actions brought pursuant to Puerto Rico's general tor statute, Article 1802 of the Civil Code. See, Santana-Colón v. Houghton Mifflin, 81 Fed.Supp.3d 129, 139 (D.P.R. 2014)(articulating principle). In that sense, it makes a party liable for damages proximately caused by the acts or omissions of others. See, Burgos-Oquendo v. Caribbean Gulf Refining Corp., 741 F.Supp. 330, 332-333 (D.P.R. 1990)(so noting)(citing Vélez v. Llavina, 18 D.P.R. 656 (1912)).

For coverage, Article 1803 it includes a list of instances permitting what has been described as third party liability. Those instances include employers, who under certain circumstances, are deemed responsible for the negligent acts or omissions of their employees. See, Vernet v. Torres, 740 Fed.Supp.2d 280, 286-287 (D.P.R. 2010)(analyzing exception).[8] The enumeration is limitative. See, Torres-Pérez v. Medina-Torres, 113 D.P.R. 72, 76 (1982)(so noting). And as applied, it does not reach the individual defendants' profile as described in the allegations here. More to the point, the individual defendants are not the employer but an extension of the employing entity (the Municipality). Therefore, the Article 1803 claims against them must be dismissed. See, Pastrana-López, 2010 WL 4137553 at *10-11 (dismissing Article 1803 action against Fire Department Chief).

---

[8] According to Article 1803, (1) parents are liable for the minor children living with them; (2) guardians are liable for the minors or incapacitated persons who are under their authority and live with them; (3) owners or directors of an establishment or enterprise are liable for their employees in the service of the branches in which the latter are employed or on account of their duties; (4) masters or directors of arts and trades are liable for their pupils or apprentices while under their custody; and (5) the Commonwealth of Puerto Rico is vicariously liable under the same circumstances and conditions as those under which a private citizen would be liable. P.R. Laws Ann. tit. 31 § 5142.

### III. CONCLUSION

In light of the standard governing Fed. R. Civ. P. 12(b)(6), the court GRANTS IN PART AND DENIES IN PART defendants' motions to dismiss, as follows:

a. The request to dismiss Ocaña-Morales and the Conjugal Partnership's Section 1983 claims is GRANTED;

b. The request to dismiss plaintiffs' First Amendment claims is DENIED;

c. The request to dismiss plaintiffs' Fifth Amendment claim is GRANTED;

d. The request to dismiss plaintiffs' Fourteenth Amendment Due Process claims is GRANTED;

e. The request to dismiss plaintiffs' Equal Protection claims is GRANTED;

f. The request to dismiss plaintiffs' claims based on timeliness is DENIED;

g. The request to dismiss plaintiffs' Law 115 claims is GRANTED IN PART and DENIED IN PART;

h. The request to dismiss plaintiffs' 1803 claims against defendants in their individual capacities is GRANTED.

**SO ORDERED**.

In San Juan, Puerto Rico, this 30th day of September, 2017.

                                                  s/Pedro A. Delgado-Hernández
                                                  PEDRO A. DELGADO-HERNÁNDEZ
                                                  United States District Judge